Octavio **GODINEZ VILLEGAS**;
Filiberta Godinez,
Petitioners,

v.

Eric H. **HOLDER, Jr.**, Attorney General, Respondent.

No. 08–71441.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Oct. 26, 2010.

Susan Elizabeth Hill, Hill, Piibe & Villegas, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ann M. Welhaf, U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM [**]

Octavio Godinez Villegas and Filiberta Godinez, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because they filed the motion more than one year after the BIA's November 9, 2006, order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to establish that they acted with the due diligence required for equitable tolling, *see Iturribarria*, 321 F.3d at 897; *see also Singh v. Ashcroft*, 367 F.3d 1182, 1184 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.